670 So.2d 286 (1996)
STATE of Louisiana, Plaintiff-Appellee,
v.
Corey Wayne CARROLL, Defendant-Appellant.
No. CR95-859.
Court of Appeal of Louisiana, Third Circuit.
January 31, 1996.
*287 Robert Richard Bryant, Jr., Lake Charles, for State of Louisiana.
Pamela Viney Mathews, Lake Charles, for Corey Wayne Carroll.
Before YELVERTON, WOODARD and AMY, JJ.
WOODARD, Judge.
On September 8, 1994, defendant, Corey Carroll, was indicted for second degree murder, a violation of La.R.S. 14:30.1. On September 26, 1994, he pled not guilty. On April 24-27, 1995, Carroll, along with co-defendant Norman Jean, was tried by jury and found guilty. Defendant waived sentencing delays and was sentenced on April 27, 1995 to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. Defendant now appeals his conviction.

FACTS
On May 27, 1994, defendant, Corey Carroll, Norman Jean, and Robert Smith were at Holly Beach. The victim, David Arceneaux, approached the men and asked for a ride in exchange for gas money and beer. They agreed and set out in Jean's truck. As the drive continued, Arceneaux, who was extremely drunk, became ever more obnoxious, and Carroll, Jean, and Smith in turn became increasingly angry with him. The upshot was that Jean pulled over at the Ellender Bridge, and all three proceeded to severely beat Arceneaux. Arceneaux was then placed in the back of Jean's truck, and they drove to the Choupique Bayou Bridge. Before reaching that destination, however, Arceneaux regained consciousness and began hollering. Jean stopped the truck, and Carroll beat Arceneaux back into unconsciousness.
When they reached the Choupique Bayou Bridge, Jean stopped his truck, and Jean, Carroll, and Smith again subjected Arceneaux to a brutal beating, viciously pummeling and kicking him repeatedly, even bludgeoning him with a log. Carroll and Jean then stuffed Arceneaux's shirt with rocks, and Jean and Smith threw his body off the bridge *288 into the water below. A few days later, on May 30, 1994, Arceneaux's dead body was discovered in the water under Choupique Bayou Bridge.

SCOPE OF REVIEW
The scope of appellate review is set out in Louisiana Code of Criminal Procedure article 920, which states that two categories of errors can be considered on appeal: errors assigned, which are those designated in the assignment of errors, and errors patent, which are those errors discoverable by the court of appeals through a mere inspection of the pleadings and proceedings without inspection of the evidence.

ERRORS PATENT
As directed by article 920, subsection (2), we have inspected the record of the pleadings and proceedings for errors patent, and we have not discovered any.

ERRORS ASSIGNED
On appeal, Carroll designates as assignments of error, per article 920, subsection (1): that the jury erred (1) in not finding that his intoxication precluded the presence of the specific criminal intent required for a second degree murder conviction; (2) in not finding that he did not have the specific intent to kill or do great bodily harm; and (3) in finding that the evidence was sufficient to support a second degree murder conviction.
Carroll couches his argument in such a way as to make clear that he is really only assigning one error with three interrelated parts. Carroll argues that there was insufficient evidence to prove an essential element, specific intent, of the crime for which he was convicted. He contends that he did not possess the necessary specific intent to be found guilty of second degree murder because his state of intoxication precluded his forming that intent, and since he could not have had the necessary specific intent, an element of the crime of second degree murder was not proven. Ergo, there was insufficient evidence of his having committed the crime.
After carefully reviewing the record before this court, we conclude that the defendant's assignment, or assignments, of error is without merit. We, therefore, affirm the district court.

LAW & ARGUMENT
When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559 (La. 1983). It is the role of the fact-finder to weigh the respective credibility of the witnesses; therefore, the appellate court should not second-guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. Id.
The state must prove the elements of the crime beyond a reasonable doubt. Defendant was convicted of second degree murder, which is the killing of a human being when the offender has a specific intent to kill or to inflict great bodily harm. La.R.S. 14:30.1.
In this case there is no dispute that a human being was killed or that the defendant took part in that killing. The only issue to be decided is whether Carroll had the specific criminal intent. Specific intent is the state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act. La.R.S. 14:10(1). Specific intent can be precluded by intoxication, per La.R.S. 14:15, but only under narrow circumstances:
The fact of an intoxicated or drugged condition of the offender at the time of the commission of the crime is immaterial, except as follows:
* * * * * *
(2) Where the circumstances indicate that an intoxicated or drugged condition has precluded the presence of a specific *289 criminal intent or of special knowledge required in a particular crime, this fact constitutes a defense to a prosecution for that crime.
Carroll has the burden to prove his intoxication was such at the time of the offense as to preclude specific criminal intent. State v. Salas Martinez, 524 So.2d 871 (La.App. 3 Cir.), writ denied, 525 So.2d 1047 (La.1988). Furthermore, specific intent is a legal conclusion which the trier of fact ultimately resolves. Id. Where the jury has heard all the evidence and has received the proper instructions from the trial judge regarding an intoxication defense, its verdict should not be impinged absent an abuse of discretion. Id.
Little evidence was presented in this case on the issue of intoxication as it relates to the preclusion of specific criminal intent of this particular defendant. Much of the evidence adduced to convict Carroll was by way of the confessions of him and his co-defendant Norman Jean. Except for minor differences, mostly self-serving to the person confessing, the two confessions corroborate and substantiate each other. While both Carroll and Jean stated in their confessions that all four men had been drinking, the amount of alcohol consumed was not clearly established, nor was the "preclusive" effect of whatever amount that was consumed by Carroll particularized as to him individually.
In addition, that Carroll was able to recall accurately and clearly the details of a crime scenario that extended over a considerable time period does not go toward proving his point. He was mentally clear enough, and had the motor skills, to savagely beat the victim at three different places and times. Carroll also had the presence of mind to then participate, in concert with the others, in a series of actions to coverup the crime and to deflect suspicion from himself and the others: after finally beating Arceneaux to death, Carroll helped in stuffing the victim's shirt with rocks and in throwing him off the bridge and into the water below; he also disposed of the log that had been used to batter Arceneaux, and he helped in washing Jean's truck to remove evidence of the victim's blood.
This crime was deliberately committed over a long period of time in a particularly brutish manner by Carroll and his confederates. Specific criminal intent is a state of mind and need not be proven as fact, but may be inferred from the circumstances present in the case and from the action of the defendant. State v. Broussard, 560 So.2d 694 (La.App. 3 Cir.), writ denied, 566 So.2d 981 (La.1990). Carroll confessed that he remembered becoming angry at the victim, continuing to be angry at the victim, and venting that anger in a series of merciless beatings. He also confessed that during that time he had the urge to kill the victim. Essentially, Carroll now asks this court to presume his intent had been negated due to intoxication simply from the fact that he had been drinking, that the victim had a high blood alcohol content at death (thus his must have been similarly elevated), and because his crime was (allegedly) out of character. He, however, cites no legal authority on point in support of such a presumption based on those reasons, nor does he make a compelling legal argument for this court creating one.
It was the role of the jury in this case to weigh the credibility of the witnesses. This it did, to the defendant's detriment. We refuse to second-guess the credibility determinations of the jury beyond the sufficiency of the evidence evaluations under the Jackson standard of review. Scant testimony was presented regarding the defendant's intoxicated state as it related to the negation of his specific criminal intent. The confessions of Carroll and Jean, taken together and in tandem, leave no doubt that Carroll actively desired the prescribed criminal consequences, death or great bodily harm, to follow his acts of violence against the victim. The jury believed that Carroll had the specific intent to kill or inflict great bodily harm, and this court will not disturb that finding.
We thus find that the jury did not err in finding that the defendant's intoxication was not proven to be such as to preclude specific criminal intent. Accordingly, we also find that the jury did not err in finding that Carroll had the requisite specific criminal intent (one of the elements of the crime for *290 which he was convicted) to have committed second degree murder. Finally, we conclude that the jury did not err in finding that the Jackson sufficiency of the evidence standard was met.
We therefore find Carroll's assignment, or assignments, of error meritless.

CONCLUSION
For the foregoing reasons, we affirm the jury's verdict finding the defendant Corey Wayne Carroll guilty of second degree murder.
AFFIRMED.